**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR IMMIGRATION      )
STUDIES,                                       )
1629 K Street, NW, Suite 600,        )
Washington, DC 20006,                 )          Civil Action No.
                                                      )
                      Plaintiff,              )
v.                                                   )
                                                      )
U.S. CUSTOMS AND                     )
BORDER PROTECTION,               )
1300 Pennsylvania Ave., NW,         )
Washington, DC                            )
                                                      )
                      Defendant.          )
_____ )

## COMPLAINT

Plaintiff Center for Immigration Studies ("CIS" or "Center") brings this action against

U.S. Customs and Border Protection ("CBP") to compel compliance with the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff CIS ("Plaintiff") is a non-profit, research and educational foundation

organized under the laws of the District of Columbia and having its principal place of business at

1629 K Street, NW, Suite 600, Washington, D.C.  Plaintiff seeks to educate immigration

policymakers, the academic community, news media, and concerned citizens with reliable

information about the social, economic, environmental, security, and fiscal consequences of legal

and illegal immigration into the United States. In furtherance of its public interest mission,

Plaintiff regularly requests access to the public records of federal agencies, entities, and offices,

and disseminates its findings to the public.

4.    Defendant CBP is an agency of the U.S. Government and is headquartered at

1300 Pennsylvania Ave., NW, Suite 330, Washington, DC. CBP is a component of the U.S.

Department of Homeland Security ("DHS"). CBP has possession, custody, and control of certain

public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On March 8, 2023, Plaintiff submitted a FOIA request to CBP, by online FOIA

portal, concerning the use of CBP-One online application processes for humanitarian parole; for

all data and/or statistics reflecting the following:

> 1. The total number of foreign nationals who have applied for humanitarian parole using the online CBP-One system since that program's inception as a pilot program in 2021, by month through April 30, 2023 or beyond to the date of this request's final fulfillment.
> 2. The total number of approvals for humanitarian parole through the CBP-One system, by month from pilot program inception through April 30, 2023 or beyond to the date of this request's final fulfillment.
> 3. A breakdown by nationality and demographics (i.e. family unit member, single adult, unaccompanied minor) of foreign nationals approved for humanitarian parole through the CBP-One system from inception through April 30, 2023 or beyond to the date of this request's final fulfillment.
> 4. The locations of all US airports, on a monthly basis, that received foreign nationals who were approved for humanitarian parole through CBP-One from program inception to April 30, 2021 or beyond to the date of this request's final fulfillment. Please include the number of foreign nationals - by month - who arrived at these airports as well as nationalities.
> 5. The locations of all foreign airports from which recipients of CBP One humanitarian parole departed from program inception to April 30, 2023 or beyond to the date of this request's final fulfillment. Please include their numbers by nationality, monthly.

6. The locations of all land ports of entry through which CBP One humanitarian parole recipients passed, by month, from program inception to April 30, 2023 or beyond to the date of this request's final fulfillment. Please name the land ports and list the numbers of parole recipients by month who passed through each and their nationalities.

7. All records reflecting any posted criteria or directives issued to adjudicators that would determine approvals and denials for humanitarian parole application appointments made through CBP-One from program inception to April 30, 2023 or beyond to the date of this request's final fulfillment.

8. The ratio between approvals and denials of humanitarian parole requests made via CBP-One, by month, from inception to April 30, 2023 or beyond to the date of this request's final fulfillment.

9. A description of how CBP statistically classifies or accounts for CBP-One humanitarian parole issuances to includes the names of statistical categories.

6.      Plaintiff received an email from Defendant dated March 9, 2023, confirming receipt of Plaintiff's FOIA request, and assigning the request tracking number CBP-FO-2023-053295 and asking for a ten-day extension under 6 C.F.R. Part 5 § 5.5(c).

7.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of that request and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.  Accordingly, Defendant's determination of Plaintiff's FOIA request was due by April 5, 2023 at the latest. With Defendant's ten-day extension request, Defendant's response was due on April 19th at the latest.

8.      As of the date of this Complaint, CBP has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination for the FOIA request; (iii) advise Plaintiff of the right to appeal any adverse determination of the FOIA request; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9.      Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. §
552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all
administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff re-alleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is unlawfully withholding public records requested by Plaintiff
pursuant to 5 U.S.C. § 552.

12.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful
withholding of the requested public records, and Plaintiff will continue to be irreparably harmed
unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to
conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate
that it employed search methods reasonably likely to lead to the discovery of records responsive
to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-
exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive
records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold
any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an
award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to
5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and
proper.


Dated:        April 21, 2023               Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185
FAX (202) 466-8076
Email: jba@cis.org