UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>*Defendant.* | Civil Action No. 23-1115 (ACR) |

# ANSWER

Defendant U.S. Customs and Border Protection ("Defendant" or "CBP") hereby submits its Answer to the Complaint filed on April 21, 2023 by Plaintiff, Center for Immigration Studies. ECF No. 1, Complaint. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE [1]

1. The allegations contained in Paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of FOIA and pursuant to 5 U.S.C.§ 552(a)(4)(B).

2. The allegations contained in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**PARTIES**

3. Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), and that it is a component of the Department of Homeland Security headquartered at 1300 Pennsylvania Avenue NW, in Washington, DC. Defendant admits that, based on the language of the request, it maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

**STATEMENT OF FACTS**

5. Defendant admits that on March 8, 2023, it received a Request ("Request") under the Freedom of Information Act ("FOIA") from Plaintiff through the FOIA online portal. The Request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited Request and denies the allegations to the extent they are inconsistent with the Request.

6. Defendant admits that on March 9, 2023, it sent an email to Plaintiff confirming receipt of Plaintiff's FOIA request and assigned the tracking number CBP-FO-2023-053295. The March 9, 2023 email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited email and denies the allegations to the extent they are inconsistent with the March 9, 2023, email. Defendant denies that it requested a ten-day extension under 6 C.F.R. Part 5 § 5.5(c), and avers that it informed Plaintiff that the regulations permit a 10-day extension of the time period in certain circumstances, but Defendant did not invoke this authority.

7. The allegations contained in Paragraph 7 consist of legal conclusions, to which

no response is required.

8. The allegations contained in Paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, CBP denies the allegations. CBP admits that it has not issued a determination on the validity of the request under FOIA, produced any records to Plaintiff, or advised the Plaintiff of any right to appeal. CBP denies the remainder of the allegations in Paragraph 8.

9. The allegation contained in Paragraph 9 consist of a legal conclusion, to which no response is required.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10. Defendant incorporates its responses to paragraphs 1–9 as if set forth fully herein.

11. The allegation contained in Paragraph 11 consists of a legal conclusion, to which no response is required. To the extent a response is required, CBP denies the allegations.

12. The allegations contained in Paragraph 12 consist of legal conclusions, to which no response is required. To the extent a response is required, CBP denies the allegations.

## REQUESTED RELIEF

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this

Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

The information, in whole or in part, that Plaintiff seeks in its FOIA request is exempt from public disclosure under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

\*     \*     \*

Dated: June 29, 2023
Washington D.C.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN, IL Bar #6279766
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
Telephone: (202) 252-2550
dedra.curteman@usdoj.gov

*Counsel for Defendant*