UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | Civil Action No. 23-1115 (ACR) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST TO SCHEDULE A PRE-MOTION CONFERENCE**

Defendant, U.S. Customs and Border Protection, respectfully submits this response pursuant to Section 7(f) of the Court's Standing Order for this case and in response to Plaintiff's Request to Schedule a Pre-Motion Conference, *see* ECF No. 19.

## BACKGROUND

Plaintiff filed the complaint underlying this case on April 21, 2023, which concerns its March 8, 2023, Freedom of Information Act ("FOIA") request. Defendant made its first interim production on August 17, 2023. After receiving several interim productions, Plaintiff clarified its request on October 2, 2023, *see* ECF No. 15, following multiple emails and telephonic meetings to determine what information Plaintiff sought as part of its FOIA request. Defendant made its final production in this matter, its seventh interim production, on February 12, 2024.

On February 12, 2024, and as confirmed on February 13, 2024, Plaintiff asked Defendant to produce a draft *Vaughn* index of certain entries made in the second and seventh interim productions, including information in the redacted "Port Name (Code)" and "Last Foreign Airport Name" columns as exemplified on the first page of the seventh interim production (the "CBP One

Air" spreadsheet) and the redacted "Port of Entry" information exemplified in the second column of the four spreadsheets produced in the second interim production. On February 15, 2024, Defendant provided a draft *Vaughn* index for the requested redactions, noting that the redactions were made pursuant to FOIA Exemption 7(E).

On Saturday, February 17, 2024, Plaintiff requested additional *Vaughn* index entries for the "Port Name (Code)" beginning on page 171 ("CBP One SWB" spreadsheet) and on page 301 ("Family Reunification Parole" spreadsheet) of the seventh interim production. Plaintiff also identified various issues it had with the February 15, 2024, draft *Vaughn* index. To address those concerns, Defendant provided an edited draft *Vaughn* index on February 20, 2024. On February 22, 2024, Defendant communicated to Plaintiff that CBP is unwilling to produce the unredacted information Plaintiff has requested because of the sensitivity of the information as articulated in its draft *Vaughn* index under FOIA Exemption 7(E). On February 23, 2024, Plaintiff filed its request to schedule a pre-motion conference, consistent with the Court's Standing Order, section 7(f).

## LEGAL STANDARD

"[T]he vast majority of FOIA cases can be resolved on summary judgment[.]" *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## ARGUMENT

Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations

or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting the "relatively low bar for the agency to justify withholding" information under Exemption 7(E)). "Exemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Id.* (alterations omitted).

CBP has redacted and Plaintiff challenges: (1) the data reflecting the specific air ports of entry at which eligible noncitizens paroled under the Department of Homeland Security ("Department's") parole processes for Cubans, Haitians, Nicaraguans, and Venezuelans arrived, from January 2023 through September 2023 broken down by date of entry; (2) the data reflecting the specific air ports of entry at which eligible noncitizens paroled into the United States under the DHS" parole processes for Cubans, Haitians, Nicaraguans, and Venezuelans arrived, following their use of the CBP Advance Travel Authorization process, from October 2023 through December 2023 (by date); (3) the data reflecting the specific land ports of entry along the southwest border at which noncitizens arrived following the use of the CBP One Mobile application, for whom CBP issued a Notice to Appear from May 2021 through December 2023 (by date); and (4) the data reflecting the specific interior ports of entry of eligible noncitizens who were paroled into the United States under the Department's Family Reunification Parole Processes for Cubans, Haitians, Colombians, Salvadorans, Guatemalans, and Hondurans following their use of the advance Travel Authorization process, arrived, from October 2023 through December 2023 (by date). CBP redacted the data compiled by dates of entry reflecting specific air ports of entry; specific interior

ports where eligible noncitizens paroled into under the parole processes for Cubans, Haitians, Nicaraguans, and Venezuelans following their use of the CBP Advance Travel Authorization process and under the Department's Family Reunification Parole Processes for Cubans, Haitians, Colombians, Salvadorans, Guatemalans, and Hondurans following their use of the Advance Travel Authorization process; and specific land ports of entry along the southwest border, pursuant to FOIA Exemption 7(E) to protect the identifying information for airports and land ports of entry. This information, if disclosed, would reveal information about the relative number of individuals arriving, and thus resources expended, at particular airports and land ports of entry which would, either standing alone or combined with other information, reveal operational vulnerabilities that could be exploited.

Defendant also redacted identifying information for the last foreign airport name pursuant to FOIA Exemption 7(E) to protect the information, which, if disclosed, would reveal information about the relative number of individuals arriving from particular foreign airports, and thus the resources expended toward travelers arriving from particular airports which could, either standing alone or combined with other information, enable bad actors to extrapolate relevant port of arrival and resources utilized at those ports of entry and the resources utilized at those ports of entry. As such, Defendant intends to argue that the redacted information, if released, would expose staffing vulnerabilities at airports and land ports of entry. Defendant intends to support its argument with a detailed declaration from a CBP official outlining the bases for the redactions and the vulnerabilities if the information is released.

\*     \*     \*

| | |
|---|---|
| Dated: March 1, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By: _____/s/ Dedra S. Curteman_____<br>DEDRA S. CURTEMAN,<br>D.C. Bar #90021492<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2550<br><br>*Attorneys for the United States of America* |